IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In re:                          )
                                )  **Case No. 10-01391**
    TOA, LLC,                )  **Chapter 7**
                                )  **Judge Lundin**
        Debtor.        )

## MOTION TO DISMISS BANKRUPTCY CASE

Wyndham Vacation Resorts, Inc. ("Wyndham") files this motion to dismiss the above-referenced bankruptcy case (the "Case") of TOA, LLC (the "Debtor") pursuant to 11 U.S.C. § 707(a) (the "Motion"). In support of the Motion, Wyndham states the following:

### I.     JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157(a) and 1334.

2. Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for this Motion is Section 707(a) of Chapter 7, Title 11, United States Code and Fed. R. Bankr. P. 1017.

### II.     PRELIMINARY STATEMENT

4. Wyndham requests that this Court dismiss this Chapter 7 proceeding for cause under § 707(a) of Title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code"). The circumstances of this case favor dismissal of this case for the following reasons: (1) the proceeding was filed in bad faith to delay pending litigation in the United States District Court for the Middle District of Tennessee; (2) Wyndham and the Debtor are the only entities interested in the outcome of the this case and the pending litigation; (3) the Debtor continues to operate its business without remitting any funds to the Chapter 7 Trustee; and (4) the Debtor has

sought the protection of bankruptcy while simultaneously continuing to violate an Injunction issued by the United States District Court for the Middle District of Tennessee.

### III. PROCEDURAL BACKGROUND

5. On or about December 7, 2009 (the "Petition Date"), TOA, LLC d/b/a The Owners' Advocate (the "Debtor" or "TOA") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California.

6. In its Petition, the Debtor identifies Wyndham as its largest unsecured creditor based on the pending litigation in the United States District Court for the Middle District of Tennessee.

7. On December 14, 2009, Wyndham filed a Motion to Transfer the TOA bankruptcy case to this Court. The Motion to Transfer was granted and the case was transferred on or about February 11, 2010. [Docket Entry No. 2].

8. Upon information and belief, David Humphrey has served as the Debtor's only officer and, as of the Petition Date, was the Debtor's sole member.

9. Jeanne Burton Gregory (the "Trustee") is the trustee in this case.

### III. STATEMENT OF FACTS

10. Wyndham is a Delaware corporation whose principal place of business is 8427 South Park Circle, Orlando, Florida 32819. Wyndham markets and sells vacation ownership interests, provides property management services to property owners' associations, and develops and acquires vacation ownership resorts. Wyndham operates a vacation ownership resort in Nashville, Tennessee.

2

11. According to information contained on its website, in exchange for a fee, TOA claims to "assist" individuals with the cancellation of their vacation ownership contracts and facilitate a full refund of the money the individuals have paid for the vacation ownership under the terms of their vacation ownership contract.

12. The founder and President of TOA, David Humphrey ("Humphrey"), was formerly employed as a salesperson at Wyndham's Nashville, Tennessee location.

13. Following his termination from Wyndham for forgery, Humphrey formed TOA and began contacting parties to vacation ownership contracts with Wyndham (commonly referred to in the timeshare industry as "Owners"), encouraging individuals to breach such contracts, and assisting individuals in their efforts to terminate vacation ownership contracts with Wyndham and obtain refunds of funds paid to Wyndham under the terms of such vacation ownership contracts.

14. On September 28, 2009, Wyndham filed a lawsuit against TOA, Humphrey and two employees of TOA – Kate Metko (also a former employee of Wyndham) and Kurt Bartlett (the "Litigation"). The Complaint alleged claims for violation of the Tennessee Uniform Trade Secrets Act, the unauthorized practice of law, intentional interference with business relations, libel, misappropriation, trespass, civil conspiracy, and breach of contract. A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u>. Wyndham also sought and obtained a temporary restraining order and subsequently obtained a preliminary injunction against Defendants. Such preliminary injunction remains in place (the "Injunction"). A true and correct copy of the Injunction (and its subsequent amendment) is attached hereto as <u>Exhibit B</u>.

15. Under the terms of the Injunction, the Debtor and Humphrey are enjoined from any contact or communications with any customers of Wyndham or parties to contracts with

N CHG 757189 v1
2903712-000009 02/17/2010

Wyndham. If a customer of Wyndham or party to a contract with Wyndham contacts the Debtor, Humphrey or the other Defendants, they are required to inform the customer that they are prohibited from speaking with the customer pursuant to a court order and that the customer should contact Wyndham directly. The Debtor and Humphrey were required to remove any references to Wyndham from any website owned, controlled, or affiliated with any Defendant. The Debtor and Humphrey were further enjoined from entering into or continuing any relationships with any customers of Wyndham or parties to contracts with Wyndham.

16. Importantly, the Debtor and Humphrey are enjoined from communicating with Wyndham directly or indirectly and/or assisting any customers of Wyndham or parties to contracts with Wyndham in preparing correspondence or communications to Wyndham. The Debtor and Humphrey are enjoined from referring any customers of Wyndham or parties to contracts with Wyndham to any other business, whether or not such businesses are owned or associated with Defendants.

17. Immediately prior to the Petition Date, Wyndham had filed a Motion to Show Cause related to violations of an Order in the Litigation granting Wyndham expedited discovery from TOA.

18. Since the Petition Date, the Debtor's website (www.theownersadvocate.com) has remained operational and contains an operating 1-800 telephone number for potential customers to call.

19. Since the Petition Date, Wyndham has received over a dozen letters from Owners seeking to terminate their contracts with Wyndham. Such letters are identical to the letters received by Wyndham directly from TOA prior to the Petition Date with the exception of the removal of the TOA letterhead on the correspondence. It is the position of Wyndham that TOA

is directly or indirectly assisting customers of Wyndham or parties to contracts with Wyndham in preparing the correspondence sent to Wyndham. This conduct is in violation of the Injunction.

20. Further, Wyndham has contacted certain Owners and such Owners have confirmed that they engaged TOA to represent them following the Petition Date or that TOA continued to represent them following the Petition Date. This conduct is in violation of the terms of the Injunction. In addition, despite filing a Chapter 7 proceeding and taking the position that TOA is no longer in operation, it is evident that the company continues to operate and receive income.

21. Upon information and belief, the Debtor and/or Humphrey are transferring or selling contact information for Wyndham Owners and/or referring such Owners to the entities Timeshare Sales Today, Inc., Timeshare Escape Assistance and to an individual, Greg Forderhase. This conduct is in violation of the terms of the Injunction.

## IV. LEGAL ARGUMENT

**A. The Court should dismiss this bankruptcy case because the Debtor did not file its bankruptcy petition in good faith.**

Under section 707(a) of the Bankruptcy Code, this Court may dismiss a Chapter 7 case for cause. The statute itself provides a non-exclusive list of factors that may constitute cause.[1] *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988); *In re Carbaugh*, 299 B.R. 395 (Bankr. N.D. Tex 2003); *In re Solomon*, 277 B.R. 706 (Bankr. E.D. Tex. 2002); 6 COLLIER ON BANKRUPTCY 707.03[1] at 707-15 (15th Ed. Rev.). Dismissal is warranted when the Chapter 7 case is nothing more than an attempt to delay a proceeding in another venue. *See generally In re*

---

[1] Factors provided in section 707(a) include (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; (3) failure of the debtor in a voluntary case to file, within 15 days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by section 521(a), but only on a motion by the United States trustee.

5

N CHG 757189 v1
2903712-000009 02/17/2010

*ABQ-MCB Joint Venture*, 153 B.R. 338, 342 (Bankr. D.N.M. 1993). As demonstrated by the Debtor's actions, the Debtor filed the present case solely for the purpose of delaying the Litigation and avoiding the implications of the Injunction.

Because good faith is required for the prosecution of a bankruptcy case, *In re Carbaugh*, 299 B.R. 395, 398 (Bankr.N.D. Tex. 2003), and is an implied jurisdiction perquisite to obtaining relief in bankruptcy, *Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 299 F.3d 1124, 1129 (6th Cir. 1991), the Debtor's bad faith in the instant case constitutes cause for dismissal under section 707(a). Although bad faith is not an explicit reason to dismiss a bankruptcy filing under 11 USC § 707(a), most courts, including the Sixth Circuit, have determined that a lack of good faith will sustain dismissal of a Chapter 7 bankruptcy filing. *In re Zick*, 931 F.2d 1124, 1127 (6th Cir. 1991). Because the Bankruptcy Code does not define good faith, "[d]ismissal based on lack of good faith must be undertaken on an ad hoc basis[,]" and "[t]he facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases." *Id.* at 1127 & 1129 (citations omitted).

Here, the Debtor filed its case in the improper venue (California) in an attempt to thwart or delay Wyndham's efforts to enforce the terms of the Injunction and to proceed with the Litigation. Since the Petition Date, the Debtor has continued to engage in conduct in violation of the Injunction. Further, the Debtor is still operating its website and accepting clients – despite purporting to have no funds to pay any creditors. As a result, this case should be dismissed for cause.

**B. The court should dismiss this bankruptcy case because this is essentially a two party dispute concerning the Litigation**

This bankruptcy case was filed in bad faith because the Debtor is abusing the bankruptcy process to resolve a dispute between itself and only one other creditor: Wyndham. Once good

6

N CHG 757189 v1
2903712-000009 02/17/2010

faith is called into question the burden shifts to the debtor to prove good faith to avoid dismissal. *Tamacki v. Frank (In re Tamacki)*, 229 F.3d 205, 207 (3rd Cir. 2000). *See also Office of the U.S. Trustee v. Mottilla (In re Mottilla)*, 306 B.R. 782, 786 (Bankr. M.D. Pa. 2004) (finding that the good faith of a debtor is presumed at the time the petition is filed but it may be called into question by a party in interest who presents evidence sufficient to impugn good faith).

The facts in this case demonstrate the Debtor's bad faith vis-à-vis its efforts to delay the Litigation. In its schedules, the Debtor listed no secured creditors. Two of its unsecured creditors were for attorneys' fees related to the Litigation. Another unsecured creditor – Humphrey Brothers Construction – is believed to be related to the principal of the Debtor – David Humphrey. In addition to tax liability, the other unsecured creditors appear to hold claims for monthly utility services for the months of November and December. The largest unsecured creditor is Wyndham based on the Litigation. [*See* Voluntary Petition transferred from the United States Bankruptcy Court for the Central District of California at Docket Entry No. 2].

The facts in the present case are similar to those in *In re BMG Investments, Inc.*, 03-2019. 2003 WL 24197743 (Bankr. N.D. Texas June 23, 2003). In *BMG* the Chapter 7 debtor filed a bankruptcy petition to stay scheduled depositions in certain litigation. The bankruptcy court dismissed that case for cause. Next, the debtor filed a second bankruptcy case to stay a hearing on a motion for sanctions. After the bankruptcy court removed the litigation, the debtor's sole creditor moved the court to remand the litigation. In its motion, the creditor stated that there were no causes of action for the Trustee to administer, that the case had been filed in bad faith, that the corporate entity was not entitled to a discharge, that no creditors were trying to dismember the debtor, and that the case was filed as a litigation tactic to shift the forum to resolve a two party dispute. The bankruptcy court agreed that the debtor filed the case as a tactic

7

to halt the state court proceedings and granted the dismissal motion and remanded the litigation back to state court. *Id.*

In support of its decision, the court cited to *Mother African Union Methodist Church v. Conference of AUFCMP Church*, 184 B.R. 207, 223 (Bankr. D. Del. 1995) where the court dismissed a bankruptcy case where the debtor filed the bankruptcy petition as a litigation tactic to frustrate state court proceedings and where there were no meaningful assets to administer. *See also, Blumberg v. Yihye*, 263 B.R. 704 (Bankr. E.D.N.Y. 2001)(chapter 7 case dismissed as being in bad faith; court noted that a major factor in the decisions in much of the case law justifying dismissals on the basis of bad faith is the fact that the debtor in each case filed a bankruptcy petition either to escape the consequences of a previous judgment or to avoid impending proceedings).

Here, the filing of the Petition by the Debtor directly coincided with Wyndham's Motion to Show Cause for the Debtor's violation of an Order in the Litigation granting Wyndham expedited discovery of certain critical electronically stored information of the Debtor. Rather than comply with that Order (or, in the alternative, oppose the Motion to Show Cause), the Debtor instead chose to file its Petition in California and seek the protection of the stay with regard to the discovery order. The Debtor's filing was a litigation tactic to delay the Litigation and shift the forum of the dispute to this Court. As a result, this case should be dismissed.

What is abundantly clear at this point is that Wyndham is the only party that has an interest in the Debtor's bankruptcy proceeding. Accordingly, further administration of this case under chapter 7 makes little sense. Wyndham, as the only party affected by this proceeding, can protect its own interest better and without additional administrative burden through the Litigation. The U.S. Court of Appeals for the Fifth Circuit noted in the case of *In re Atlas Supply*

8

*Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988), that prejudice to creditors is also a factor to be considered in determining whether to dismiss a case under section 707(a). Such prejudice to Wyndham as a creditor is present in the instance case and provides additional cause for dismissal of this case.

## V. CONCLUSION

Based on the evidence now before the Court, sufficient grounds exist to dismiss the Debtor's bankruptcy petition for "cause" as a bad faith filing pursuant to § 707(a) of the Bankruptcy Code. Therefore, Wyndham respectfully requests that the Court dismiss the Debtor's bankruptcy case for cause as a bad faith filing. Wyndham requests such other, further, and different relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Courtney S. Gilmer*
Courtney H. Gilmer (BPR No. 22131)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Tel. (615) 726-5747
Fax (615) 744-5747
Email for ECF:
businessbknash@bakerdonelson.com
Email for all other purposes:
cgilmer@bakerdonelson.com

*Attorneys for Wyndham Vacation Resorts, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion has been served upon all parties entitled to and requesting electronic notice as well as by placing a copy of same in the U.S. Mail, first-class postage prepaid and properly addressed to the following:

TOA, LLC
3905 State Street
Suite 341
Santa Barbara, CA

TOA, LLC
7984 Coley Davis Road
Suite 101
Nashville, TN 37221

Michael Shemtoub
8383 Wilshire Boulevard
Suite 702
Beverly Hills, CA 90211
*Counsel for the Debtor*

Jeanne Burton Gregory
401 Church Street
Suite 2220
Nashville, TN 37219
*Chapter 7 Trustee*

Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203-3966


This 17th day of February, 2010.

*Courtney H. Gilmer*

N CHG 757189 v1
2903712-000009 02/17/2010